IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**QWEST CORPORATION**,

    Plaintiff,

    vs.                                      Case No. CV 07-163 RB/WDS

**ELEPHANT BUTTE IRRIGATION DISTRICT**,

    Defendant.

## SUPPLEMENT TO PRETRIAL ORDER

This matter is before the Court pursuant to Fed. R. Civ. P. 16 and the Initial Pretrial Conference held on May 1, 2009, attended by David R. Goodnight and John H. Ridge for Plaintiff Qwest Corporation ("Qwest") and by Lee E. Peters and Stephen A. Hubert for Defendant Elephant Butte Irrigation District ("EBID").  The Court, being fully advised by the parties, finds it necessary and prudent to supplement the Pretrial Order, by adding new provisions or modifying existing provisions.  The Pretrial Order entered October 9, 2008 [Doc. No. 88] is, therefore, supplemented as follows:

    1.    Paragraph VII is supplemented to permit the filing of the following pretrial dispositive motions (1) a motion on Plaintiff's claim that New Mexico state

law limits EBID to assessing on cost-based fees; and, (2) a motion on Defendant's claim that the Telecommunication Act does not apply to EBID. These motions shall be filed by May 22, 2009, with responses filed by June 1, 2009, and replies filed by June 8, 2009. Counsel shall email their filings to each other on the same date as filed with the Court.

    2.    Paragraph VII is further supplemented to require that all motions in limine and other pretrial motions not referenced in the paragraph above shall be filed by June 15, 2009, with responses filed by June 29, 2009, and replies filed by July 13, 2009.

    3.    Paragraph X (A) is supplemented to require that the consolidated exhibit lists referenced shall be filed by June 29, 2009. The separate "contested exhibit list" of each party shall also be filed on June 29, 2009. The parties shall exchange proposed exhibits and confer regarding exhibits prior to June 29, 2009, in order to meet these deadlines. Objections to exhibits shall be filed by July 13, 2009, and shall state the specific objections to each exhibit.

    4.    Paragraph X (B) is supplemented to require that each party shall file its witness list by June 29, 2009. Each witness list shall include a listing of any witness whose deposition testimony will be offered, the reason why live testimony of that

witness cannot be presented, and a designation of the pages and lines of the deposition testimony that party will offer at trial.  Objections to witnesses shall be filed by July 13, 2009, including any objections to use of deposition testimony.  The party not initially offering deposition testimony of a witness shall designate any additional deposition testimony of that witness by July 13, 2009.  The parties shall confer regarding objections to use of deposition testimony and the designated portions of the depositions(s), and if the objections are unresolved the parties shall report the status of such objections to the Court by July 22, 2009.  The party offering deposition testimony may make any additional designation(s) of deposition testimony that are in direct response to the other party's designation by July 22, 2009.  Each party shall provide the Court with its objections to the portions of the deposition testimony it objects to, with the Plaintiff marking its objections in yellow and the Defendant marking its objections in blue.

   5. Rule 26(e)(1) requires supplementation in a "timely manner" if the party learns that in some material respect the disclosure or response is incomplete or incorrect.  The duty imposed by Rule 26(e)(1) is not extinguished by the discovery termination date.  The parties have a continuing duty to supplement disclosures and responses in a timely manner as required by Rule 26(e)(1).

6. The Court will set a site visit to one or more locations at a time and date to be coordinated between the parties and the Court.

7. The parties may file trial briefs with the Court on relevant trial issues to be considered by the Court no later than ten calendar days prior to the Court's site visit.

All other provisions of the Pretrial Order entered October 9, 2008, remain unchanged.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE